# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC DARNELL NELSON,<br>                      Plaintiff,<br>  vs.<br>DEPARTMENT OF CORRECTIONS, *et al.,*<br>                      Defendants. | Case No. 4:19-cv-00014-RRB |

## SCREENING ORDER

In April 2019, Eric Darnell Nelson, a self-represented prisoner, filed a Civil Rights Complaint under 42 U.S.C. § 1983 and an Application to Waive the Filing Fee.[1] In the complaint, Mr. Nelson alleged violations of the Prison Rape Elimination Act by a corrections officer, and that the subsequent internal investigation also violated the Prison Rape Elimination Act.[2] The Court screened the complaint and dismissed with leave to amend for failure to state a claim.[3]

On September 17, 2019, Mr. Nelson filed a First Amended Complaint alleging a civil rights violation under 42 U.S.C. § 1983.[4] He alleges violations of his Eighth Amendment rights under the U.S. Constitution by Defendant Amber

---

[1] Dockets 1; 3.

[2] Docket 1.

[3] Docket 4.

[4] Docket 8.

Doty, a corrections officer at Fairbanks Correctional Center, and Defendant Tammi Axelsson, the Superintendent at Fairbanks Correctional Center.[5] He sues each defendant in their individual capacity. The alleged facts against each defendant will be discussed below. For relief, Mr. Nelson requests (1) damages in excess of $50,000.00 per individual defendant; (2) punitive damages to be determined; (3) an order requiring defendants "to show accountability"; (4) a declaration that "compliance and standard will be adhered to, to ensure it will not happen again"; and (5) for the defendants to "bear the costs of Mental therapy for myself, and any other person."[6] Mr. Nelson demands a jury trial.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[7]

---

[5] Docket 8 at 1–5.

[6] Docket 8 at 8.

[7] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[8] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10]

## DISCUSSION

Mr. Nelson alleges that he has been sexually harassed and abused by a former corrections officer in violation of his Eighth Amendment rights. Furthermore, he alleges that after the officer's misconduct was discovered, the superintendent was deliberately indifferent to his "personal well-being" in violation of his Eighth Amendment rights. Mr. Nelson has plausibly alleged a claim against Defendant Doty. However, Mr. Nelson has not sufficiently alleged a claim against

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Defendant Axelsson. Mr. Nelson may choose either to move forward on his claim against Defendant Doty, or he may choose to amend his complaint.

## I. Defendant Doty

Mr. Nelson has alleged that between May and August 2017, Defendant Doty performed sexual acts upon him, forced him to engage in sexual intercourse with her under threat of punishment, and coerced him into performing sexual acts on her under threat of reprisal and criminal charges.[11] As alleged, Defendant Doty is or was a corrections officer at Fairbanks Correctional Center. "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eight Amendment."[12] Therefore, Mr. Nelson has plausibly alleged a constitutional violation by a state actor sufficient for this claim to move forward under 42 U.S.C. § 1983.

## II. Defendant Axelsson

Mr. Nelson alleges that, after Defendant Doty was fired for her alleged misconduct, Defendant Axelsson "showed (deliberate indifference) towards my mental [s]tate and in fact min[i]mized the situation of one of her staff's misconduct and my personal well-being."[13] He further alleges that Defendant Axelsson has

---

[11] Docket 8 at 4.

[12] *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012); relying on *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (establishing that prisoners have an Eighth Amendment right "to be free from sexual abuse[.]").

[13] Docket 8 at 5.

not helped "in the prosecution of his claims" and "thereby left me at the unknown, and unfathomable mercies of any other DOC female staff that may have other demented idea[s.]"[14]  At present, Mr. Nelson has not plausibly alleged a claim under 42 U.S.C. § 1983 for the reasons discussed below.  Accordingly, the Court must dismiss the claim against Defendant Axelsson for failure to state a claim upon which relief may be granted.  The Court grants leave to amend.

    a.    <u>Failure to State a Claim – Rule 8</u>

A complaint seeking relief from a federal court must be clear.  Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief."  A complaint should set out each claim for relief separately.  Each claim should identify (1) the specific harm that Mr. Nelson is alleging has occurred to him, (2) when that harm occurred, (3) where that harm was caused, (4) who he is alleging caused that specific harm to him, and (5) what specific law he is alleging was violated as to that specific claim.

As pled, it is unclear from Mr. Nelson's allegations when and what manner Defendant Axelsson caused him an injury or harm.

---

[14] *Id.*

b. <u>42 U.S.C. § 1983</u>

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[15] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[16] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[17] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by federal law.[18] Critically, a plaintiff must establish a causal link between the state action and the alleged violation of her rights.[19] These essential elements must be pleaded in a § 1983 claim.

42 U.S.C. § 1983 does not confer constitutional or federal rights. Instead, it provides a mechanism for remedying violations of pre-existing constitutional or

---

[15] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[18] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[19] *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

federal rights.[20] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[21] Section 1983 does not provide a cause of action for violations of state law.[22] However, where a violation of state law is also a violation of a federal constitutional right, Section 1983 may provide a cause of action.[23]

Importantly in a § 1983 action, a plaintiff must demonstrate causation, or show how the defendant, acting under color of state law, allegedly violated the plaintiff's federal rights. A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"[24] The required causal connection "may be established when an official sets in motion

---

[20] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[21] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

[22] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[23] *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

[24] *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."[25]

Mr. Nelson has named Defendant Axelsson, who is Superintendent of Fairbanks Correctional Center, a state actor who is plausibly acting under the color of law, as having violated his Eighth Amendment rights. However, Mr. Nelson has not plausibly alleged a violation of either the U.S. Constitution or a federal statute, or that Defendant Axelsson caused an injury to his rights.

i. <u>Eight Amendment – Conditions of Confinement</u>

The Eighth Amendment imposes certain duties on prison officials: (1) to provide humane conditions of confinement; (2) to ensure that inmates receive adequate food, clothing, shelter and medical care; and (3) to "take reasonable measures to guarantee the safety of the inmates."[26]

In order to state a claim under the Eight Amendment for cruel and unusual punishment a prisoner must plausibly allege: (1) the prisoner faced a substantial risk; (2) the defendant was deliberately indifferent to that risk—as in—the defendant knew of it and disregarded it by failing to take reasonable measure to address it; and (3) the act or failure to act by the defendant caused harm to the

---

[25] *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).

[26] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

prisoner.[27] When "evaluating a prisoner's claim, courts consider whether 'the officials acted with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."[28]

Deliberate indifference is the conscious choice to disregard the consequences of one's acts or omissions. An Eighth Amendment claim based on deliberate indifference must satisfy both an objective and a subjective component test.[29] A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[30]

Mr. Nelson's allegations do not describe a specific condition or injury that occurred, because Defendant Axelsson knew of a risk, purposeful disregarded that risk, and Mr. Nelson was harmed due to Defendant Axelsson's action or inaction.

---

[27] *See Farmer*, 511 U.S. at 832-847.

[28] *Hudson v. MacMillian*, 503 U.S. 1, 8 (1992).

[29] *Id.* at 834.

[30] *Id.* at 837; *accord Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

ii. <u>Eighth Amendment – Failure to Protect</u>

The Eighth Amendment imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates."[31] In order for a prisoner to state a claim alleging a violation of the Eighth Amendment, because prison officials failed to protect the prisoner or provide adequate safety guarantees, the prisoner must allege that: (1) the defendant made an intentional decision with respect to the conditions under which the prisoner was confined; (2) those conditions put the prisoner at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.[32]

Deliberate indifference is the conscious choice to disregard the consequences of one's acts or omissions. An Eighth Amendment claim based on deliberate indifference must satisfy both an objective and a subjective component test.[33] A prison official cannot be found liable under the Eighth Amendment for

---

[31] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

[32] *See Farmer*, 511 U.S. at 832-847;

[33] *Id.* at 834.

denying an inmate humane conditions of confinement unless the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[34]

Mr. Nelson needs to plausibly allege that Defendant Axelsson knew of Defendant Doty's actions and disregarded the risk to Mr. Nelson; and/or knows of other similar risks to Mr. Nelson by other female corrections staff, has disregarded those risks, and Mr. Nelson has been harmed.

      iii.      <u>Eighth Amendment –Serious Medical Need</u>

To state a claim under the Eighth Amendment for violations involving medical care, a prisoner must show that a defendant has been deliberately indifferent to his serious medical needs.[35] A prisoner must demonstrate that: (1) the he faced a substantial risk; (2) the defendant was deliberately indifferent to that risk—as in—the defendant knew of it and disregarded it by failing to take

---

[34] *Id.* at 837; *accord Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

[35] *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."); *see also Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees . . . we apply the same standards in both cases . . . under a 'deliberate indifference' standard.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)) (further citation and internal quotation marks omitted).

reasonable measure to address it; and (3) the act or failure to act by the defendant caused harm to the prisoner.[36]

A "showing of nothing more than 'a difference of medical opinion' as to the need to pursue one course of treatment over another [i]s insufficient, as a matter of law, to establish deliberate indifference. In other words, where a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law."[37] For instance, a difference of medical opinion regarding medication is not enough to establish an Eighth Amendment violation.[38]

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.' . . . A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'"[39]

> To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the

---

[36] *See Farmer*, 511 U.S. at 832–47.

[37] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.), *cert. denied*, 519 U.S. 1029 (1996) (citing *Estelle*, 429 U.S. at 107–08).

[38] *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) ("The Toguchis argue that Seroquel is superior to Triafon, and therefore should not have been discontinued by Dr. Chung. However, a mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.'") (quoting *Jackson*, *supra*).

[39] *Peralta v. Dillard,* 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and further internal quotation marks omitted).

deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference.

To meet the *objective standard*, the denial of a plaintiff's serious medical need must result in the "unnecessary and wanton infliction of pain."

The *subjective standard* of deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety." . . . The state of mind for deliberate indifference is subjective recklessness.[40]

Mr. Nelson's allegations mention his mental health, but do not have specific descriptions of harm or injury. He has not set forth clear allegations that Defendant Axelsson has acted with either the requisite objective or subjective recklessness, thereby causing Mr. Nelson significant injury or the unnecessary or wanton infliction of pain.[41]

## CONCLUSION

Mr. Nelson has plausibly alleged a violation of his Eighth Amendment rights by Defendant Doty under 42 U.S.C. § 1983. However, he has not plausibly alleged a claim under 42 U.S.C. § 1983 against Defendant Axelsson. Mr. Nelson may choose to move forward on the single claim against Defendant Doty or he may amend his complaint.

---

[40] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (quoting *Estelle*, 429 U.S. at 104 and *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)) (internal citation omitted) (emphasis added), *overruled on other grounds*, *Peralta*, 744 F.3d at 1083.

[41] Docket 8 at 5.

**IT IS THEREFORE ORDERED:**

1. Mr. Nelson's Claim #1 adequately states a claim for relief under 42 U.S.C. § 1983, and is approved to proceed against Defendant Doty for a violation of the Eighth Amendment of the U.S. Constitution.

2. Mr. Nelson's claim against Defendant Axelsson is dismissed for failure to state a claim upon which relief may be granted.

3. The Application to Waive Prepayment of the Filing Fee, at Docket 3, is GRANTED. An order directing the collection of fees will be issued separately.

4. Mr. Nelson has until **January 10, 2020** to file either:

   a <u>Notice of Intent to Proceed on Claim 1 only</u>, which informs the Court that Mr. Nelson wishes to proceed solely on Claim 1 against Defendant Doty; **or**

   b <u>Amended Complaint</u>, in which Mr. Nelson files restating Claim 1 against Defendant Doty in its entirety, and states revised claims against Defendant Axelsson to the Court after correcting the deficiencies identified in this order.

5. Any Amended Complaint *must be on this Court's form*, which is being provided to Mr. Nelson with this order. An amended complaint replaces the

prior complaint in its entirety.[42] If Mr. Nelson elects to file an amended complaint, Mr. Nelson must state all of the claims he seeks to bring, including Claim 1. Any claims not included in the amended complaint will be considered waived.

6. If Mr. Nelson does not file either a Notice of Intent to Proceed on Claim 1 or an Amended Complaint on the Court form by **January 10, 2020,** the matter will proceed under the current Amended Complaint on Claim 1 only..

7. At all times, Mr. Nelson must keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case. Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

8. The Clerk of Court is directed to send Mr. Nelson the following forms with this Order: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983;" (2) PS21 Pro Se Notice; (3) form PS23, Notice of Change of Address; and (4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

---

[42] Local Civil Rule 15.1.

DATED this 11th day of December, 2019, at Anchorage, Alaska.

                                               /s/ Ralph R. Beistline
                                               Senior United States District Judge